UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE MILTON McCLAIN, JR. #12809-040,

    Movant,

v.

    File No. 1:08-CV-116

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O P I N I O N**

This matter is before the Court on Movant Duane Milton McClain, Jr.'s motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Movant filed his § 2255 motion on February 4, 2008. (Dkt. No. 1.) The United States filed a response on October 8, 2009. (Dkt. No. 15.) For the reasons that follow, Movant's § 2255 motion will be granted.

### **I. Background**

On October 4, 2006, in accordance with a written plea agreement (File No 1:05-CR-163, Dkt. No. 694, 09/25/2006), Movant pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Dkt. No. 754, 11/13/2006 Hr'g Tr. 2:9-18.) On February 15, 2007, Movant was sentenced to 156 months imprisonment and five years supervised release. (Dkt. No. 982.) On February 26, 2007, Movant's counsel filed a timely notice of appeal. (Dkt. No. 898.) On May 4, 2007, the Sixth Circuit dismissed Movant's appeal for want of prosecution. (Dkt. No. 957.)

Movant's § 2255 motion raises two grounds on which his sentence should be vacated, set aside or corrected. Movant's arguments rest on claims of ineffective assistance of counsel (1) for failure to preserve Movant's appeal and (2) for failure to argue on appeal that the government had an obligation to file a motion for downward departure of Movant's sentence.

## II. Legal Standard

A prisoner who moves to vacate his sentence under § 2255 must show that:

> the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

Generally, a petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made

2

or which were not presented on direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel; such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 509 (2003).

In order to prevail on a standard Sixth Amendment claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). In determining whether counsel's performance was objectively reasonable, the inquiry "must be highly deferential":

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time . . . . [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .

*Id.* at 689-90. In determining whether counsel's performance was prejudicial, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. However, prejudice may be presumed in some circumstances, such as the "[a]ctual or constructive denial of assistance of counsel altogether . . . ." *Id.* at 692.

### III. Analysis

**A. Ground One: Ineffective Assistance for Failure to Preserve Movant's Appeal**

Movant argues that his counsel was ineffective for failure to preserve Movant's direct

3

appeal. When Movant requested an appeal of his sentence, counsel explained that an appeal would be frivolous, as there were no appealable issues. (Dkt. No. 15-2, 10/08/2009 Yates Aff. ¶ 13.) However, a lawyer has an obligation to file a notice of appeal upon the request of a client. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). While counsel did file a notice of appeal, he told Movant that he would not represent Movant in that appeal. (Yates Aff. at ¶ 14.) Nonetheless, because counsel filed the notice of appeal and subsequently failed to formally withdraw himself from the case, counsel became the attorney of record on appeal. (See Dkt No. 15-4, 10/08/2009 Letter altering counsel of dismissal of appeal.)

A criminal defendant has a constitutional right to one appeal of his conviction and to the effective assistance of counsel at such an appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). Under Sixth Circuit court rules, "[t]rial counsel in criminal cases, whether retained or appointed by the district court, is responsible for the continued representation of the client on appeal until specifically relieved by this Court." Sixth Cir. Supp. Pro. R. 101(a). As the attorney of record, counsel was responsible to preserve Movant's requested appeal until the Sixth Circuit relieved him of that duty. *Id.* The record does not show that counsel ever sought, much less received, the necessary permission to withdraw.

In addition to the Sixth Circuit rule, the Supreme Court has set forth the procedural requirements counsel must honor when seeking to avoid proceeding with a frivolous appeal:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished

4

> [sic] the indigent and time allowed him to raise any points that he chooses; the court - not counsel - then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."

*Anders v. State of California*, 386 U.S. 738, 744 (1967). The record does not show that counsel took any of the steps required by *Anders*. While counsel perfected Movant's appeal by filing a notice of appeal, counsel's inaction following that filing fell below an objective standard of reasonableness because it ultimately denied Movant an appeal altogether.

In addition, "appellate counsel's failure to meet the requirements of *Anders v. California* . . . is presumptively prejudicial and, therefore, need not be measured by the standards announced in *Strickland v. Washington*." *Allen v. United States*, 938 F.2d 664, 666 (6th Cir. 1991). The fact that counsel considered Movant's appeal frivolous did not relieve counsel of his obligation to appropriately withdraw from the case. *See Freels v. Hills*, 843 F.2d 958, 964 (6th Cir. 1988) ("If we were to allow the absence of viable issues on appeal to serve as an excuse to follow the mandates of *Anders*, we would be effectively erasing *Anders* from the books altogether."); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that the failure to perfect a defendant's requested appeal is a Sixth Amendment violation "without regard to the probability of success on appeal.") In addition, Movant's failure to pay counsel's retainer fee has no bearing on counsel's duty to file a motion to withdraw in accordance with *Anders* and the Sixth Circuit court rule.

Counsel's failure to properly withdraw or file an appellate brief constituted ineffective assistance of counsel and resulted in the dismissal of Movant's direct appeal. It appears to this Court

5

that Movant may be entitled to a reinstatement of his appeal at the discretion of the Sixth Circuit. *See Allen*, 938 F.2d at 666 (reinstating appeal because counsel's failure to follow *Anders* requirements prevented appellate review of the case).

**B. Ground Two: Ineffective Assistance for Failure to Argue for a Motion for Downward Departure on Appeal**

Movant argues that, because he allegedly provided substantial assistance to government investigators, counsel was ineffective for failing to argue on appeal that the government had an obligation to motion for a downward departure of Movant's sentence. While the government disputes the merit of this claim, it argues for a reinstatement of Movant's direct appeal in order to litigate this issue within that forum. Considering that Movant's appeal will be reinstated, there is no need for the Court to address the merit of this claim.

### IV. Conclusion

Movant's counsel was ineffective for failure to preserve Movant's appeal. For this reason, Movant is entitled to relief under § 2255.

An order and judgment consistent with this opinion will be entered.

Dated: November 16, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE